FILED
United States Court of Appeals
Tenth Circuit

**January 6, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JULIO C. VALLE,

Defendant-Appellant.

No. 09-6200
(D.C. No. 5:03-CR-00145-R-8)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **GORSUCH**, Circuit Judges.

---

Julio C. Valle entered a guilty plea to one count of distributing 472.3 grams

of cocaine and one count of reentry of a removed alien.  His plea agreement

included a waiver of his right to appeal any matter in connection with his

sentence.  Despite his appeal waiver, Mr. Valle has now filed an appeal seeking to

challenge his sentence.  The government has moved to enforce the appeal waiver

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

in Mr. Valle's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In his plea agreement, Mr. Valle agreed to waive his right to appeal his conviction and sentence, reserving the right to appeal only if the sentence he received was above the advisory sentencing guideline range as determined by the district court. At the plea hearing, the district court conducted a proper Rule 11 plea colloquy, asking Mr. Valle if he understood the rights he was waiving by pleading guilty, including the waiver of his right to appeal his conviction and sentence. At sentencing, the district court determined the applicable sentencing range for each count to be 151 to 188 months based on a total offense level of 29, criminal history category VI. The district court sentenced Mr. Valle to 151 months' imprisonment on each of the counts, to be served concurrently, followed by three years of supervised release. This sentence was at the low end of the advisory guideline range.

Mr. Valle's counsel filed a response to the government's motion to enforce the appeal waiver, stating his belief that Mr. Valle's appeal falls within the scope of his appeal waiver, that Mr. Valle's waiver of his appellate rights was knowing and voluntary, and there was no evidence demonstrating that enforcing the appellate waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. He therefore concluded that opposition to the motion would be frivolous

and requested permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court then gave Mr. Valle an opportunity to file a pro se response to the government's *Hahn* motion.

In response, Mr. Valle filed a form pleading for a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, arguing in part that he was eligible for relief from his sentence because he received ineffective assistance of counsel during his plea hearing. While Mr. Valle is not barred by his appeal waiver from bringing a § 2255 claim "based on ineffective assistance of counsel . . . challenging the validity of the plea or the waiver," *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), such claims must ordinarily be raised in a § 2255 proceeding filed in district court, not on direct appeal, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Accordingly, Mr. Valle's § 2255 motion is not a proper response to the government's motion to enforce the appeal waiver in Mr. Valle's plea agreement and we GRANT the government's motion and DISMISS the appeal. We also GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT
PER CURIAM