FILED
United States Court of Appeals
Tenth Circuit

August 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 10-6116 |
| v. | (W.D. Oklahoma) |
| JULIO C. VALLE, | (D.C. Nos. 5:10-CV-00077-R and 5:03-CR-00145-R-8) |
| Defendant - Appellant. | |

ORDER DENYING
CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Julio Valle, a federal prisoner proceeding *pro se*, seeks a Certificate of Appealability ("COA") to enable him to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, correct or set aside his sentence. We deny

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Valle a COA, deny his request to proceed *in forma pauperis* on appeal, and dismiss this matter.

Mr. Valle has appeared before our court once already. United States v. Valle, 359 Fed. Appx. 77 (10th Cir.) (unpublished) ("Valle I"), cert. denied, 130 S. Ct. 1917 (2010). As explained in that decision, Mr. Valle pled guilty to one count of distributing 472.3 grams of cocaine and one count of reentry of a removed alien. His plea agreement "included a waiver of his right to appeal any matter in connection with his sentence." Id. at 78. Despite that waiver, Mr. Valle endeavored to appeal his sentence and the government moved to enforce the appeal waiver pursuant to our decision in United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In Valle I, we granted the government's motion and dismissed Mr. Valle's appeal.

Mr. Valle then brought the instant *pro se* 28 U.S.C. § 2255 motion, arguing that his plea was not knowing and voluntary, that his counsel was ineffective, and that his sentence over-represented the seriousness of his crime. The district court held that, as our court had previously found when we granted the government's motion for enforcement of Mr. Valle's plea agreement, the plea *was* knowing and voluntary: "[o]n the basis of the validity of Plaintiff's plea and Plaintiff's knowing and voluntary waiver of his right to collaterally challenge his guilty plea and sentence, Defendant's § 2255 motion of subject to dismissal." Order at 2.

-2-

The district court went on, however, to address the merits of Mr. Valle's other claims regarding ineffectiveness of counsel and his sentence. The court rejected them on their merits, finding that Mr. Valle's counsel was not ineffective, that Mr. Valle's plea was valid, and that his sentence did not over-represent the seriousness of his crime. The court accordingly denied Mr. Valle's § 2255 motion to vacate, set aside or correct his sentence. Mr. Valle seeks a COA to enable him to appeal that decision.

"A COA is a jurisdictional prerequisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (203)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For those claims the district court denies on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a COA on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

Having reviewed the record and the controlling law, and liberally construing Mr. Valle's *pro se* filings, we conclude that, for substantially the same reasons set forth by the district court in its April 2, 2010, Order, Mr. Valle has not

-3-

met the requirements for issuance of a COA. The district court's analysis was sound and well-reasoned, and we need not reiterate it.

For the foregoing reasons, we DENY a COA and DISMISS this case. We also DENY Mr. Valle's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge